UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 1:24-cv-02644<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Justice ("DOJ") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOJ's compliance with FOIA's requirements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants, electric light the most efficient policemen," PPT seeks to

1

promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

### Overview of PPT's FOIA requests to DOJ

1. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

2. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

3. In March 2024, PPT submitted two FOIA requests to DOJ.

4. For the first request, DOJ sent records that were purportedly responsive, but PPT discovered that the records were incorrectly labeled and were instead responsive to

another of its FOIA requests to DOJ.  DOJ has since failed to send PPT either further communication about the request or records that are properly responsive.

5. For the second request, DOJ split it into two sub-requests.  For the first sub-request, DOJ has failed to provide further communications or responsive records since informing PPT about splitting the original request.  For the second sub-request, DOJ issued a denial, but the denial was based entirely on an unreasonable misreading of the request's text.  PPT appealed DOJ's denial, but DOJ has failed to provide a determination regarding the appeal within the time required by FOIA.

### PPT's First Request: FOIA 2024-06424

6. PPT submitted its first FOIA request (Exhibit A) to DOJ on March 5, 2024, seeking the following records:

    From January 1, 2015, through the date this request is processed, records:

    1. Of communications involving the list of Department of Justice (DOJ)officials concerning Operation Longtail Liberation (2015903620), as well as the import, export, or use of nonhuman primates for biomedical research purposes, including, but not limited to, long-tailed macaque (Macaca fascicularis).

    2. Of communications to, from, and including the list of DOJ officials with employees of the People for the Ethical Treatment of Animals (PETA)(email domain: @peta.org), Born Free(email domain: @bornfreeusa.org), and the Center for Biological Diversity(@biologicaldiversity.org)regarding thelong-tailed macaque (Macaca fascicularis) and/orOperation Longtail Liberation (2015903620).

    3. Of communications to, from, and including the list of DOJ officials and siu.primates@gmail.com.

    4. Of communications involving Mary Hollingsworth and employees of the People for the Ethical Treatment of Animals (PETA), Born Free, Center for Biological Diversity, and Harvard University(email domain: Harvard.edu).

    Officials:

3

      I.      Assistant Attorney General, ToddKim
      II.     Director, Office on Environmental Justice, Cynthia Ferguson
      III.    Chief of Staff to the Assistant Attorney General, Laura Thomas
      IV.    Trial Attorney, Amber Blaha
      V.     Senior Attorney, Gabriel Allen
      VI.    Attorney Advisor, Katherine Abend
      VII.   Senior Litigation Counsel, Justin Heminger
      VIII.  Senior Attorney, Sarah Buckley
      IX.    Deputy Assistant Attorney General, Gina Allery
      X.     Section Chief, Law and Policy Section, Justin Smith
      XI.    Senior Trial Attorney, Mark Brown
      XII.   Assistant Section Chief, Lori Jonas
      XIII.  Community Outreach Specialist, Brenda Horner
      XIV.  Paralegal Specialist, Minnie Becton
      XV.   Senior Counsel, Karl Fingerhood
      XVI.  Senior Counsel, Angela Mo
      XVII. Trial Attorney, Lucy Brown
      XVIII. Trial Attorney, David Mitchell

7. The release of these records is in the public interest because it will help the public understand the operations and activities of DOJ.

8. On March 20, 2024, DOJ acknowledged receipt of PPT's request and assigned it the tracking number FOIA 2024-06424.

9. On March 26, 2024, DOJ asked PPT by email to confirm that its request did not have a commercial purpose. PPT responded to confirm that it had no commercial interest in the requested records and would realize no commercial benefit from them.

10. On April 4, 2024, DOJ sent PPT records that were allegedly responsive to the request.

11. On May 13, 2024, despite previously sending PPT the allegedly responsive records, DOJ sent PPT an email stating that it had conducted an initial search for responsive records and was collecting them to upload to its document review platform.

12. In an email exchange with DOJ that ran from June 7-12, 2024, PPT discovered that the records DOJ sent on April 4, 2024, were mislabeled and were intended as a response to a

different FOIA request of PPT had sent DOJ which had been given the tracking number FOIA 2024-06394.

13. Since June 12, 2024, PPT has not received further communication from DOJ regarding the request.

14. To date, DOJ has provided neither a response to PPT's request nor a time estimate for when it will do so.

15. Over 190 days have passed since PPT submitted its request, yet DOJ still has not made a determination with respect to it.  *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  DOJ has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

16. Given these facts, DOJ has not met its statutory obligations to provide the requested records.

17. Through DOJ's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**PPT's Second Request: CRM-302061417 and CRM-302061961**

18. On March 8, 2024, PPT submitted its second FOIA request (Exhibit B) to DOJ, seeking the following records:

    From January 1, 2015, through the date this request is processed, records:

    1. Of communications involving the list of Department of Justice (DOJ)officials concerning Operation Longtail Liberation (2015903620), as well as the import, export, or use of nonhuman

5

    primates for biomedical research purposes, including, but not limited to, long-tailed macaque (Macaca fascicularis).

2. Of communications to, from, and including the list of DOJ officials with employees of the People for the Ethical Treatment of Animals (PETA)(email domain: @peta.org), Born Free(email domain: @bornfreeusa.org), the Center for Biological Diversity(@biologicaldiversity.org)and Harvard University (email domain: Harvard.edu) regarding the long-tailed macaque (Macaca fascicularis) and/or Operation Longtail Liberation (2015903620).

3. Of communications to, from, and including the list of DOJ officials and siu.primates@gmail.com.

4. Of communications to, from, and including the list of DOJ officials and Mary Hollingsworth

Officials:
I.      Kenneth A. Polite, Jr.
II.     Nicole M. Argentieri
III.    Nicole Argentieri
IV.    Michelle Parikh
V.     Brent Wible
VI.    All Deputy Assistant Attorneys General

19. The release of these records is in the public interest because it will help the public understand the operations and activities of DOJ.

20. On March 15, 2024, DOJ asked PPT to confirm that its request sought records from all deputy assistant attorneys general. PPT confirmed that this was correct.

21. On May 21, 2024, DOJ sent PPT an email with an attached letter formally acknowledging the request. The letter stated that DOJ had divided the request into two separate sub-requests for processing. Each sub-request was assigned a separate tracking number. The first sub-request was given the tracking number CRM-302061417. It concerned the portions of the original request related to Operation Longtail Liberation. The second sub-request was given the tracking number CRM-302061961. It concerned

the portion of the original request related to Mary Hollingsworth's communications with DOJ officials.

22. PPT has received no further communications from DOJ regarding CRM-302061417 since the May 21st acknowledgment letter.

23. Over 180 days have passed since PPT submitted its request, now identified as CRM-302061417, yet DOJ still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOJ has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

24. Given these facts, DOJ has not met its statutory obligations to provide the records requested by request CRM-302061417.

25. Through DOJ's failure to make a determination regarding request CRM-302061417 within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

26. On May 22, 2024, DOJ sent PPT an email with an attached final response letter for CRM-302061961. The letter stated that DOJ was denying PPT's request for records related to Mary Hollingsworth pursuant to FOIA exemptions 6 and 7(C) under 5 U.S.C. § 552(b). *See* Exhibit C (DOJ Denial Letter).

27. DOJ's denial was based on an unreasonable misunderstanding of PPT's request: DOJ incorrectly characterized the request as seeking law enforcement records on Mary Hollingsworth. The text of the request unambiguously states that PPT seeks Mary

Hollingsworth's communications with DOJ officials and does not indicate PPT is seeking law enforcement records on Hollingsworth in any way.

28. On July 10, 2024, PPT timely submitted an appeal of DOJ's decision regarding CRM-302061961. PPT's appeal described how DOJ's denial letter mischaracterized PPT's request and how the basis for the denial did not apply to the request as properly understood. *See* Exhibit D (PPT Appeal).

29. On July 10, 2024, PPT received an email from DOJ with a letter confirming DOJ had received PPT's appeal and assigned it tracking number A-2024-02079.

30. PPT has received no further communication from DOJ regarding CRM-302061961 or appeal A-2024-02079.

31. Under FOIA, agencies must respond to administrative appeals within 20 working days. 5 U.S.C. § 552(a)(6)(A)(ii). While agencies can extend that response period upon written notice to the requestor for "unusual circumstances," such extensions are limited to 10 working days. 5 U.S.C. § 552(a)(6)(B)(i), (iii).

32. DOJ has not provided written notice of unusual circumstances regarding PPT's appeal.

33. Well over 20 working days have passed since PPT submitted its appeal. Thus, by failing to respond to PPT's appeal, DOJ has constructively denied the appeal and PPT has exhausted its administrative remedies regarding CRM-302061961. Therefore, PPT seeks judicial review of DOJ's wrongful withholding of records responsive to request CRM-302061961.

### COUNT I - FOIA 2024-06424

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. PPT repeats and incorporates by reference the foregoing paragraphs 1-17 as if fully set forth herein.

b. FOIA 2024-06424 was a properly submitted request for records within the possession, custody, and control of DOJ.

c. DOJ is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. DOJ is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e. DOJ's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOJ to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

### COUNT II - CRM-302061417

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. PPT repeats and incorporates by reference the foregoing paragraphs 1-5 and 18-25 as if fully set forth herein.

b. CRM-302061417 was a properly submitted request for records within the possession, custody, and control of DOJ.

c.  DOJ is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d.  DOJ is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e.  DOJ's failure to provide all non-exempt responsive records violates FOIA.

f.  Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOJ to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III - CRM-302061961

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a.  PPT repeats and incorporates by reference the foregoing paragraphs 1-5, 18-33 as if fully set forth herein.

b.  CRM-302061961 was a properly submitted request for records within the possession, custody, and control of DOJ.

c.  DOJ is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d.  DOJ wrongfully denied PPT's request based on an unreasonable mischaracterization of the records it sought.

e.  DOJ is wrongfully withholding non-exempt agency records requested by PPT by failing to reverse its denial of the request and produce responsive non-exempt records.

 f. DOJ's failure to reverse its denial and provide all non-exempt responsive records violates FOIA.

 g. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOJ to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant DOJ complies with the requirements of FOIA and any and all orders of this Court.

(2) Order DOJ to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's requests and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT's the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: September 13, 2024

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*